IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LATOSHA BARNES,**

            **Plaintiff,**            **CASE NO.:  4:18-CV-65-MW-CAS**

v.

**CAL-MAINE FOODS, INC.,**

            **Defendant.**
_____/

## AMENDED COMPLAINT

Plaintiff, LATOSHA BARNES, hereby sues Defendant, CAL-MAINE FOODS, INC. and alleges:

## NATURE OF THE ACTION

1. This is an action against the Defendant for damages pursuant to the Americans with Disabilities Act of 1990 ("ADA") and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12111 et seq.; the Florida Civil Rights Act of 1992, Florida Statutes § 760.10; Title VII of the Federal Civil Rights Act, 42 US.C. § 2000e and 42 U.S.C. §1981a. This is an action for damages in excess of $15,000.00 exclusive of costs, interest and attorneys' fees brought pursuant to Chapter 760, Florida Statutes. This Court has subject matter jurisdiction over the state law claim pursuant to §§ 26.012(2) and

34.01.

2. This Court has personal jurisdiction over the parties to this action because the Plaintiff is domiciled in the State of Florida and subjects herself to the jurisdiction of this Court, and over the Defendant because it is a corporation conducting business within the jurisdiction of this Court.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, LATOSHA BARNES, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her actual and/or perceived disability and due to her gender.

4. At all times pertinent hereto, Defendant, CAL-MAINE FOODS, INC., has been a corporation registered in the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that she dual filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") and more than 180 days has passed without a determination having been made.

## STATEMENT OF FACTS

6.  Plaintiff, a female, was employed with Defendant for approximately one month when she was abruptly terminated on October 4, 2016. Plaintiff was one of only a few females employed with Defendant in her location.

7.  Defendant operates a chicken farm, and Plaintiff was responsible for collecting eggs and preparing them for packaging. Plaintiff was also sometimes required to operate heavy machinery due to short staffing issues. Plaintiff was the only female employee she ever saw working with the heavy machinery.

8.  It is believed that the Plaintiff's supervisor, Chet, did not think that women could competently operate the heavy machinery.

9.  Plaintiff suffers from hypertension and on October 3, 2016, Plaintiff began having severe pain in her face and head along with extreme dizziness.

10. Plaintiff immediately notified her supervisor of the symptoms she was experiencing and was given permission to leave work and go to the hospital, which she did.

11. On October 4, 2016, Plaintiff returned to work with a doctor's note for the previous day and requesting that Plaintiff be excused from work for two days due to her hypertension.

12. Plaintiff's supervisor, Chet, disregarded the medical note and made

Plaintiff work the morning shift.

13. Just prior to Plaintiff's lunch break, Chet terminated Plaintiff.

14. Male employees have been allowed time off to handle medical issues and have not been terminated.

15. Male employees have not been terminated after presenting evidence of a medical condition or disability.

16. Plaintiff believes that this action was taken because Defendant believed her to be disabled and because of her gender.

17. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the applicable statutes.

## COUNT I- VIOLATION OF THE ADA/ADAAA
## DISABILITY DISCRIMINATION

18. Paragraphs 1-17 are re-alleged and incorporated herein by reference.

19. Defendant engaged in unlawful and intentional employment practices in the State of Florida, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101.

20. Plaintiff was an employee who was a qualified individual with a disability within the meaning of the ADA.

21. The discrimination described herein was based on Plaintiff's actual, perceived, or record of disability and negatively affected the terms, conditions, and

privileges of her employment.

22. Plaintiff has suffered damages because of Defendant's actions.

## COUNT II- VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## FLORIDA STATUTES § 760.10
## DISABILITY DISCRIMINATION

23. Paragraphs 1-17 are re-alleged and incorporated herein by reference.

24. Defendant discriminated against Plaintiff on the basis of a disability, record of disability, or perceived disability with respect to terms, conditions, and privileges of her employment and terminated Plaintiff from her employment in violation of § 760.10(1)(a) and (b), Florida Statutes.

25. Plaintiff is a member of a protected class within the meaning of the applicable law.

26. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

27. Plaintiff has suffered damages because of Defendant's actions.

## COUNT III- VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## FLORIDA STATUTES § 760.10
## GENDER DISCRIMINATION

28. Paragraphs 1-17 are re-alleged and incorporated herein by reference.

29. Defendant discriminated against Plaintiff because of her gender in violation of § 760.10(1)(a) and (b), Florida Statutes.

30. Plaintiff is a member of a protected class within the meaning of the applicable law.

31. Plaintiff was terminated due, at least in part, to her gender.

32. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

33. Plaintiff has suffered damages because of Defendant's actions.

## COUNT IV- VIOLATION OF TITLE VII OF THE FEDERAL CIVIL RIGHTS ACT
## GENDER DISCRIMINATION

34. The foregoing paragraphs 1-17 are incorporated herein as if set forth in full.

35. This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §§ 2000e *et seq*.

36. Plaintiff has been the victim of discrimination on the basis of her gender in that he was treated differently than male employees of Defendant and has been subject to differential treatment and termination on the basis, at least in part, of her gender.

37. Defendant is liable for the differential treatment towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions

and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to the Plaintiff.

38. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

39. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

40. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

41. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §§ 2000e *et seq*.

42. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

a.  that process issue and this Court take jurisdiction over this case;

b.  judgment against Defendant and for Plaintiff awarding compensatory, non-compensatory and punitive damages for the Defendant's violations of law enumerated herein;

c.  judgment against Defendant and for Plaintiff, affording declaratory relief, and permanently enjoining Defendant from future violations of law enumerated herein and reinstatement for the Plaintiff, remedying all benefits which Plaintiff has been unlawfully deprived;

d.  prejudgment interest;

e.  judgment against Defendant and for Plaintiff awarding Plaintiff his attorney's fees and costs;

f.  all equitable relief that is allowed by law;

g.  such other and further relief as appropriate.

## DEMAND FOR TRIAL BY JURY

44.  Plaintiff demands a trial by jury on all issues so triable.

DATED this 15th day of February 2018.

                                            Respectfully submitted,

/s/ *Tiffany R. Cruz*
Tiffany R. Cruz [FBN 90986]
*/s/ Catherine Harrington*
Catherine Harrington [FBN 1002770]
Law Offices of Friedman & Abrahamsen
403 E. Park Avenue
Tallahassee, FL 32301
Telephone: (850) 681-3540
Email: tiffany@fa-lawyers.com,
Catherine@fa-lawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via the Court's Electronic Filing System to all counsel of record this 15th day of February, 2018.

*/s/ Tiffany R. Cruz*
Tiffany R. Cruz

*/s/ Catherine Harrington*
Catherine Harrington